An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEJANDRO AVILES-PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60615

FILED

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant Alejandro Aviles-Perez argues that the district court erred by denying his post-conviction petition because counsel was ineffective at trial and sentencing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance (a) was deficient in that it fell below an objective standard of reasonableness and (b) resulted in prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that the district court erred by denying his claims that counsel was ineffective for waiving his preliminary hearing and right to a speedy trial. The district court determined that these

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04675

claims were belied by the record because appellant personally waived his rights. To the extent that appellant argues that counsel was ineffective for advising him to do so, appellant failed to demonstrate that the State would have been unable to present slight or marginal evidence against him, Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980), or that valuable witnesses or evidence were lost as a result of the waiver of the right to a speedy trial, State v. Fain, 105 Nev. 567, 569, 779 P.2d 965, 966 (1989). We conclude that the district court did not err by denying these claims. See Wyatt v. State, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (noting that we will affirm a decision of the district court if it reaches the right result, even if for the wrong reason).

Second, appellant claims that the district court erred by denying his claims that counsel was ineffective for failing to object at trial to: (1) leading questions during the victim's testimony, (2) prejudicial statements made by the prosecutor, (3) hearsay testimony, and (4) speculative testimony. The district court determined that counsel was not deficient because the objections he argued counsel should have lodged would have either been futile, Ennis v. State, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006), or fell under the purview of counsel's tactical decisions, see Rhyne v. State, 118 Nev. 1, 8, 38 P.3d 163, 167-68 (2002); see also Harrington v. Richter, 562 U.S. ___, ___, 131 S. Ct. 770, 790 (2011) ("There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003))). Appellant also failed to show a reasonable probability that the verdict would have been different had counsel objected as suggested. We conclude that the district

court did not err in denying these claims. See Ennis, 122 Nev. at 705, 137 P.3d at 1102.

Third, appellant claims that the district court erred by denying his claims that counsel was ineffective for failing to fully investigate the case. Appellant argued that counsel did not sufficiently investigate because: (1) counsel did not locate a picture of the victim at the age in which the lewd acts occurred to determine whether she had developed breasts, (2) counsel did not seek to produce the mattress upon which the victim was assaulted, (3) counsel did not seek an expert to testify that DNA could potentially be located on the mattress, (4) counsel did not seek an expert who could provide medical testimony regarding the physical impact of anal penetration, (5) counsel did not seek a psychiatric expert who would have provided reasons why the victim may have fabricated her testimony, and (6) counsel did not interview the State's witnesses, including the victim. The district court found that appellant failed to demonstrate prejudice because he failed to establish that additional investigation would have changed the result at trial. See Browning v. State, 120 Nev. 347, 357, 91 P.3d 39, 47 (2004) ("[S]peculation does not demonstrate prejudice."). We conclude that the district court did not err in denying these claims.

Fourth, appellant claims that the district court erred by denying his petition because counsel was ineffective for not advising him regarding the advantages and disadvantages of the State's plea offer. The district court concluded that this was a bare assertion unsupported by specific facts that would have entitled appellant to relief if true. Even assuming that counsel did not provide appropriate advice, we conclude that appellant failed to demonstrate prejudice because he did not claim

that he would have accepted the plea offer and merely argued that he would have "been in a better position to determine whether he would have accepted the offer." See Missouri v. Frye, 566 U.S. ___, ___, 132 S. Ct. 1399, 1409 (2012) (a petitioner must demonstrate a reasonable probability that he would have accepted a plea offer and that the plea would have been otherwise entered but for counsel's deficient performance). The record also reflects that appellant initially indicated that he would accept the plea offer, but subsequently decided to proceed to trial. We conclude that the district court did not err by denying this claim. See Wyatt, 86 Nev. at 298, 468 P.2d at 341.

Fifth, appellant claims that the district court erred by denying his claim that counsel was ineffective for failing to make a legal argument after raising several Batson challenges. Batson v. Kentucky, 476 U.S. 79 (1985). Although the district court erred by denying this claim on the ground that appellant failed to raise it on direct appeal, see Bolden v. State, 99 Nev. 181, 183, 659 P.2d 886, 887 (1983) ("the appropriate vehicle for presenting a claim of ineffective assistance of counsel is through post-conviction relief" (internal quotation marks omitted), the district court reached the correct result. See Wyatt, 86 Nev. at 298, 468 P.2d at 341. Because the State offered sufficient race-neutral justifications for striking each juror, appellant failed to demonstrate that he was prejudiced by counsel's failure to present further legal argument. See Foster v. State, 121 Nev. 165, 172, 111 P.3d 1083, 1088 (2005). We conclude that the district court did not err by denying this claim.

Sixth, appellant claims that the district court erred by denying his claim that counsel was ineffective for failing to communicate with him in preparation for his defense. The district court determined that

appellant failed to demonstrate prejudice because he failed to demonstrate that further communication would have changed the result at trial. We conclude that the district court did not err by denying this claim.

Seventh, appellant claims that the district court erred by denying his claim that counsel was ineffective for failing to prepare for sentencing. The district court determined that appellant failed to demonstrate deficiency because counsel argued on appellant's behalf at sentencing and prejudice because appellant failed to demonstrate how further mitigation would have changed the result. We conclude that the district court did not err by denying this claim.

Eighth, appellant claims that the district court erred by denying his claim that counsel was ineffective for failing to move for a psychiatric evaluation of the victim. The district court determined that appellant failed to demonstrate deficiency because there was not a compelling need for an evaluation of the victim. Even assuming that counsel could have obtained a psychological evaluation of the victim, appellant failed to demonstrate prejudice because he did not establish that the outcome of the examination would have been favorable or that it would have changed the result at trial. We conclude that the district court did not err by denying this claim.

Ninth, appellant argues that the district court erred by denying his request for discovery. Appellant concedes that NRS 34.780 does not allow for discovery in this case, and his claim that the rule should be altered is better addressed to the legislature. See Mazzan v. State, 109 Nev. 1067, 1072, 863 P.2d 1035, 1038 (1993). Because appellant was not entitled to discovery, the district court did not err by denying his request.

Tenth, appellant argues that the district court erred by denying his request for an evidentiary hearing. To warrant an evidentiary hearing, a petitioner must raise claims supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Because appellant specified allegations that did not entitle him to relief if true or were belied by the record, the district court did not err by denying his petition without conducting an evidentiary hearing.

Eleventh, appellant argues that cumulative error entitles him to relief. Because appellant failed to demonstrate that counsel was ineffective, there are no errors to cumulate.

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Valorie J. Vega, District Judge
      Matthew D. Carling
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk